IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LONG<br>4 Hughes Avenue<br>Sellersville, Pennsylvania 18960<br><br>*Plaintiff,*<br>v.<br>GM FINANCIAL<br>110 Gibraltar Road, Suite 200<br>Horsham, Pennsylvania 19044<br><br>*Defendant.* | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Matthew Long (hereinafter "Plaintiff") has initiated the instant action to recover damages for gender and/or age discrimination by Defendant GM Financial ("Defendant"), his former employer.

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Defendant is a corporation with a business address as captioned above.

5. Defendant is an "employer" as that term is utilized in the Title VII of the Civil Rights Act of 1964 because it employs or employed in excess of fifteen (15) individuals in the current or preceding calendar year.

6. Defendant is also an "employer" as that term is utilized in Age Discrimination in Employment Act (ADEA) because it employs or employed in excess of twenty (20) individuals in the current or preceding calendar year.

1

7. At all times relevant hereto, Defendant employed Plaintiff and acted through its agents, servants and employees, each of whom acted in the course and scope of their employment.

### III. Jurisdiction and Venue

8. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added via amendment pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant resides in and/or conduct business in this judicial district; and/or (b) because the acts and omissions giving rise to the claims set forth herein (including specifically the discrimination carried out by Defendant against Plaintiff) occurred exclusively in this judicial district.

## IV.     Exhaustion of Administrative Remedies

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has exhausted his administrative remedies under Title VII and the ADEA as follows:

    a. Plaintiff filed a timely written Charge of Discrimination (No. 530-2021-04524) with the Philadelphia Office of the Equal Employment Opportunity Commission (EEOC) alleging gender and age discrimination;

    b. The EEOC issued a Notice of Right to Sue to Plaintiff on the foregoing charge on February 17, 2022.

    c. The instant action is filed within ninety (90) days of the issuance of the foregoing Notice.

## V.     Factual Background

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff's is male.

17. Plaintiff is over 40 years of age.

18. Plaintiff worked as Defendant's Regional Credit Manager (serving as an officer of Defendant and the equivalent of an Assistant Vice President) until the termination of his employment on May 3, 2021.

19. Plaintiff was assigned to Defendant's Philadelphia Credit Center located in Horsham, Pennsylvania.

20. Plaintiff was employed for over 20 years and held numerous officer positions during his tenure.

21. Plaintiff always performed his job well and never received a poor mid-year or year-end review during his employment with Defendant.

22. Plaintiff was recognized for multiple awards (he was a three-time President's Club winner and received multiple Performance and Audit awards in the years preceding his termination).

23. On Thursday, April 1st, 2021, Plaintiff received an email asking him to accept a "Teams" meeting request.

24. Plaintiff accepted the foregoing request, and, at the time of the scheduled "Teams" meeting, spoke to a human resources representative and a security representative of Defendant.

25. The foregoing individuals asked Plaintiff a variety of questions relating to his employment and job duties.

26. Plaintiff was never informed that he was under any type of investigation, that he had committed any misconduct, or that he had done anything improper relating to his employment.

27. Plaintiff's impression from the aforesaid meeting was that Defendant was simply collecting information on his job duties for internal use in the creation of a new system or guidelines.

28. However, at the end of the aforesaid meeting, Plaintiff's regional human resources representative joined the meeting and advised Plaintiff that he was being placed on a paid leave.

29. No explanation was provided to Plaintiff as to why he was placed on paid leave.

30. Plaintiff heard nothing else from Defendant until over a month later.

31. On Monday, May 3rd, 2021, two agents of Defendant (a senior vice president of human resources and Plaintiff's senior vice president) called him and advised him that he was being dismissed from Defendant's employ.

32. No reason was given by Defendant for Plaintiff's termination.

33. Plaintiff received no written termination letter.

34. Plaintiff received no performance-based, economic, or other explanation for his termination.

35. There was no legitimate reason for Plaintiff's termination.

## Count One
## Title VII of the Civil Rights Act of 1964

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff is male and therefore in a category protected by Title VII of the Civil Rights Act of 1964.

38. By reason of his many years of service with Defendant and his positive performance record, Plaintiff was qualified for his position. *See, e.g., Carter v. Potter,* No. 02-7326, 2004 U.S. Dist. LEXIS 25677, at *31 (E.D. Pa. Dec. 21, 2004) (noting that a plaintiff's years of service at his position were sufficient to demonstrate he was qualified for his job).

39. Plaintiff's termination was an adverse employment action.

40. Defendant's failure to offer any explanation for Plaintiff's termination after his 20 years of employment with Defendant is sufficient to demonstrate that Plaintiff was terminated under circumstances giving rise to an inference of unlawful discrimination. *See, e.g., Cheatom v. Burger King Corp.*, 2006 U.S. Dist. LEXIS 6670, *12, 2006 WL 435732 (E.D. Pa. February 27, 2006)(statement by supervisor that there was no rhyme or reason for termination was sufficient to create an inference of discrimination).

41. By its actions as aforesaid, Defendant violated Title VII of the Civil Rights Act of 1964 in that it terminated Plaintiff's employment because of his gender (male).

WHEREFORE, Plaintiff seeks the relief requested in the attached *ad damnum* clause.

**Count Two**
**Age Discrimination in Employment Act (ADEA)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff was over 40 years of age at the time of his termination and therefore within the class of persons protected by the Age Discrimination in Employment Act (ADEA).

44. Plaintiff was qualified for his position, suffered an adverse employment action as aforesaid, and was terminated under circumstances giving rise to an inference of unlawful discrimination as aforesaid.

45. By its actions as aforesaid, Defendant violated the Age Discrimination in Employment Act (ADEA) in that it terminated Plaintiff's employment because of his age.

WHEREFORE, Plaintiff seeks the relief requested in the attached *ad damnum* clause.

## *AD DAMNUM CLAUSE*

WHEREFORE, Plaintiff respectfully requests that the Court grant him the following relief:

A. That judgment be entered in Plaintiff's favor and against Defendant on the claims set forth in the instant Complaint;

B. That Plaintiff be awarded actual damages, including front pay and back pay;

C. That Plaintiff be awarded punitive damages on Count One;

D. That Plaintiff be awarded liquidated damages on Count Two;

E. That Plaintiff be awarded damages for pain and suffering on Count One;

F. That Plaintiff be granted any and all other legal, equitable or injunctive relief the Court deems just and proper;

G. That Plaintiff be awarded the costs and expenses of this action and reasonable attorneys' fees and costs as provided by applicable law;

H. That Plaintiff's claims receive a trial by jury. Plaintiff has also endorsed this demand on the caption of the instant Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                        Respectfully submitted,

                                        WAYNE A. ELY

BY:   /S/   Wayne A. Ely
         Wayne A. Ely, Esquire
         Attorney for Plaintiff
         225 Lincoln Highway
         Building A, Suite 150
         Fairless Hills, PA 18954
         (215) 801-7979

May 16, 2022